FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 JUL 21  AM 10: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

BRIAN WINSTON, on behalf of himself )
and those similarly situated, )
)
Plaintiff, )
)
v. ) Civil Action No.: 5:16-CV-484-Oc-40PRL
)
A TO Z WIRING, LLC, )
)
Defendant. )
_____ )

## COMPLAINT

COMES NOW the Plaintiff, BRIAN WINSTON, on behalf of himself and those similarly situated ("PLAINTIFF"), and files this Complaint against Defendant, A TO Z WIRING, LLC ("DEFENDANT") respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Marion County, Florida.

3. At all material times, DEFENDANT was a Florida corporation, with its principal place of business in Clearwater, Florida.

4. Venue is appropriate in this division because Plaintiff performed work in Marion County, Florida on behalf of Defendant and it is that work which is the basis of this lawsuit.

### BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF and those similarly situated, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* PLAINTIFF seeks damages suffered as the result of that violation.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

8. Upon information and belief, at all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

10. PLAINTIFF worked for DEFENDANT between February 2016 and June 2016. During this time, Plaintiff worked as a telecommunications installer.

11. The additional persons who may become Plaintiffs in this action are DEFENDANT'S current and former employees, who worked overtime hours for DEFENDANT, but were not compensated for those overtime hours worked because DEFENDANT misclassified them as exempt from the overtime provisions of the FLSA. These additional persons, like PLAINTIFF, were at all material times, non-exempt employees of DEFENDANT.

12. At all relevant times, PLAINTIFF was paid per job. He typically began his workday at 6:00 a.m. and worked until 7:00 to 8:00 at night, six days per week.

13. To further complicate its pay structure, DEFENDANT began back charging PLAINTIFF and similarly situated employees for bogus complaints shortly after they started their

employment. For example, if PLAINTIFF had earned a certain amount of money, DEFENDANT would create bogus reasons to dock pay from PLAINTIFF and those similarly situated were treated the same way. This happened regularly, throughout PLAINTIFF'S employment as soon as PLAINTIFF had earned money to back charge.

14. DEFENDANT failed to pay PLAINTIFF overtime pay for the overtime he worked. Instead, DEFENDANT routinely required PLAINTIFF to work beyond 40 hours per week and failed to pay him time and one-half for any hours he worked beyond 40 hours per week.

15. DEFENDANT also failed to pay PLAINTIFF for his mileage and required him to provide his own tools and transportation.

16. During his time as DEFENDANT'S employee, PLAINTIFF routinely worked 70 or more hours per week, but never received time and one-half compensation for the hours he worked beyond the 40th hour each week. This is because DEFENDANT misclassified PLAINTIFF and those similarly situated as exempt employees.

17. PLAINTIFF and those similarly situated have also had paychecks withheld because DEFENDANT claimed customers complained about damage to things in their home that purportedly occurred during installations.

18. The FLSA requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over 40 hours. This is commonly known as "time-and-a-half pay for overtime work."

19. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and the similarly situated employees time and one-half pay for overtime worked when they worked over forty hours per week.

20. PLAINTIFF and the similarly situated employees are, therefore, owed compensation for time and one-half overtime wages and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

22. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, and the similarly situated employees, handled and used materials, which have moved in interstate commerce.

23. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

24. PLAINTIFF and the similarly situated employees at all relevant times were non-exempt employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

25. During PLAINTIFF'S employment with DEFENDANT, PLAINTIFF performed overtime work for which no additional compensation was paid to him by DEFENDANT in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated §7 of the FLSA by failing to pay time and one-half overtime wages to PLAINTIFF and the similarly situated employees when they were hourly, non-exempt employees who earned overtime pay.

26. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF and the similarly situated employees.

27. DEFENDANT'S failure to properly administer a scheme of compensation, including, but not limited to, actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

28. DEFENDANT'S failure to compensate PLAINTIFF and the similarly situated employees for all compensable hours was a willful and knowing violation of the FLSA.

29. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF and the similarly situated employees, PLAINTIFF and the similarly situated employees have suffered substantial delays in receipt of wages owed and damages.

30. DEFENDANT'S failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

31. Pursuant to 29 U.S.C. §§207 and 216, DEFENDANT owes PLAINTIFF and the similarly situated employees compensation for overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

32. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF and the similarly situated employees demand judgment against DEFENDANT and respectfully pray the Court that they will recover nominal damages, unpaid overtime wages, back pay, liquidated damages, pre- and post-judgment interest, attorney

fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: July 19, 2016

                                      Respectfully submitted,

                                      **THE LAW OFFICE OF**
                                      **MATTHEW BIRK, LLC**

                                      /s/ Matthew W. Birk
                                      **Matthew W. Birk**
                                      Florida Bar No.: 92265
                                      309 Northeast First Street
                                      Gainesville, FL  32601
                                      (352) 244-2069
                                      (352) 372-3464 FAX
                                      ATTORNEYS FOR PLAINTIFF