UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRIAN WINSTON,**

    **Plaintiff,**

v.                                                       Case No: 5:16-cv-484-Oc-PGB-PRL

**A TO Z WIRING, LLC, and RWL COMMUNICATIONS, INC.,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act ("FLSA") matter is before the Court on the Plaintiff's agreed motion for approval of the settlement agreement. (Doc. 40). Defendants concur in the request for settlement approval. (Doc. 41). Thus, the Court must determine whether the settlement between the parties is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

### I. Legal Standards

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

**II.     Discussion**

On October 16, 2017, the parties participated in a mediation conference before the undersigned and reached a settlement agreement. As set forth in the parties' settlement agreement (Doc. 40-1), Defendant will pay a total sum of $3,250 to resolve this matter, to include the following: (1) $1,250 to Plaintiff in wages, and (2) $2,000 to Plaintiff's counsel for attorney's fees and costs. The parties were represented by experienced counsel and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The parties' settlement agreement pertains only to Plaintiff's wage claims, regarding which there were numerous legal and factual disputes. The parties have determined that it is in their respective best interest to conclude the dispute and issues alleged by a fair, full and complete payment and satisfaction of the claims of Plaintiff, without continuing this lawsuit. The parties agree that that the settlement is fair and reasonable.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $2,000 for attorney's fees and costs appears to be reasonable.[2]

### III. Recommendation

Accordingly, I **RECOMMEND** that the Court **GRANT** the Plaintiff's agreed motion for approval of the settlement agreement (Doc. 40), as it is a fair and reasonable compromise of Plaintiff's FLSA claim. In accordance with the terms of the parties' settlement agreement, it is recommended that Plaintiff Brian Winston's claims be dismissed with prejudice and the claims of the opt-in Plaintiff be dismissed without prejudice.

Recommended in Ocala, Florida on November 28, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.