UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN WINSTON and LAFARRELL
BUNTING, on behalf of himself and those
similarly situated

    Plaintiffs,

v.                                            Case No: 5:16-cv-484-Oc-PGBPRL

A TO Z WIRING, LLC and RWL
COMMUNICATIONS, INC.

    Defendants.

## ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiff Brian Wilson's motion for civil contempt, sanctions, and to enforce the settlement agreement. (Doc. 44). For the reasons explained below, Plaintiff's motion is due to be denied.

Previously, following a mediation before the undersigned, the parties reached a settlement agreement that was subsequently approved by the District Judge. (Doc. 43). In his motion, Plaintiff recites that Defendants did not provide payment as required by the settlement agreement, and that counsel for Defendants did not reply to repeated email inquiries about the matter. (Doc. 44).

On February 27, 2018, the Court entered an Order directing Defendants to show cause why Plaintiff's motion for civil contempt, sanctions, and to enforce the settlement agreement should not be granted. (Doc. 45). Defendants filed a timely response stating that they tendered settlement funds to Plaintiff's counsel on March 2, 2018. (Doc. 46). Thus, Plaintiff's motion to enforce the settlement agreement is moot.

As to Plaintiff's motion for contempt and sanctions, Defendants argue that the Court's power to enforce settlement agreements does not include the power of contempt, citing *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986) ("It is equally clear that when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."). Defendant contends that the appropriate remedy would have been for Plaintiff to pursue the entry of a Final Judgment.

Defendants also dispute Plaintiff's characterization of the attempted communications between counsel. Defendants contend that Plaintiff's email communications regarding the motion to enforce the settlement agreement were only sent to attorney Jason Gunter, without a copy to associate attorney Conor Foley who has routinely been involved in all matters in this case. Defendants argue that, because Mr. Gunter was occupied with other matters and Mr. Foley was not copied on the email, Defendants did not receive the communications until after Plaintiff's motion was filed. Defendants argue that Plaintiff's email, followed "almost immediately" by the filing of the motion does not satisfy the requirements of Local Rule 3.01(g). Defendants contend that upon receipt of Plaintiff's motion, counsel immediately followed up and expedited the settlement payment.

Indeed, Local Rule 3.01(g) generally requires more effort than was attempted by Plaintiff's counsel in this case. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). The term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, 2000 WL 1658575 (M.D.Fla.2000). Thus, Plaintiff's counsel's attempt at communicating with

Defendants' counsel via emails containing an ultimatum is insufficient under the circumstances presented here.

Accordingly, upon due consideration, and for the reasons stated above, Plaintiff's motion to enforce the settlement agreement (Doc. 44) is **DENIED** as moot, and Plaintiff's Motion for civil contempt and sanctions (Doc. 44) is also **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on March 21, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties